UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT E. STARMAN, | ) | |
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 2:05CV18 JCH |
| PEOPLES BENEFIT LIFE INSURANCE COMPANY and JEANNIE PARKER, | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Reply to Defendant's Motion for Removal, which the Court construes as a Motion to Remand (hereinafter "Motion to Remand"), filed July 28, 2005. (Doc. No. 9). The matter is fully briefed and ready for disposition.

**BACKGROUND**

On or about January 31, 2005, Plaintiff filed his Petition against Defendants Peoples Benefit Life Insurance Company (hereinafter "Peoples Benefit" or "Defendant") and Jeannie Parker, in the Circuit Court of Pike County, Missouri. (Plaintiff's Petition (hereinafter "Complaint"), attached to Defendant's Notice of Removal). In his Complaint, Plaintiff alleges that in November, 2002, a life insurance policy was issued by Peoples Benefit, insuring Plaintiff and his wife, Shelly M. Starman, for $100,000 each, and payable to Plaintiff or his wife as the respective beneficiaries. (Compl., ¶ 2). Plaintiff further alleges that Defendant Jeannie Parker submitted the application for the policy, as an agent of Peoples Benefit. (Id.). Plaintiff finally alleges that despite his compliance with the terms and conditions of the insurance policy, Defendant Peoples Benefit refused to deliver the proceeds of the policy upon timely notification of the death of Shelly Starman. (Id., ¶¶ 3, 4).

Defendant Peoples Benefit removed the action to this Court on March 10, 2005, despite the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

lack of complete diversity on the face of the Complaint.[1] In its Notice of Removal, Defendant asserts that diversity jurisdiction exists pursuant to 28 U.S.C. §1332(a), as the in-state Defendant, Ms. Jeannie Parker, is only a nominal party, or alternatively, was fraudulently joined as a Defendant to this action. (Defendant's Notice of Removal, ¶¶ 6, 7). As stated above, on July 28, 2005, Plaintiff filed his Motion to Remand, requesting that the Court remand this case to state court. (Doc. No. 9).

## **DISCUSSION**

Defendant removed this action pursuant to 28 U.S.C. § 1332 (a)(1), which provides as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[2], exclusive of interest and costs, and is between --
>
> (1) citizens of different States;...

Id. At present, this action lacks the requisite diversity, as both Plaintiff and Defendant Parker are citizens of Missouri. As stated above, however, in its Notice of Removal, Defendant maintains that diversity jurisdiction nevertheless exists in this matter because Defendant Parker, the only non-diverse Defendant, was fraudulently joined. (Defendant's Notice of Removal, ¶¶ 25-28).

This Court has held that, "[i]t is true that when a court is assessing whether diversity jurisdiction exists over a particular case, a court may ignore the citizenship of parties fraudulently joined." Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D. Mo. 1995) (citations omitted). Further, "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact or law supporting the claim against the resident defendant, or when the reviewing court finds that the

---

[1] The citizenship of the parties is as follows: Plaintiff and Defendant Parker are both citizens of the state of Missouri; and Defendant Peoples Benefit is an Iowa corporation, with its principal place of business in Iowa. (Defendants' Notice of Removal, ¶¶ 17-19 and Exh. B).

[2] In the instant case, there is no dispute that the amount in controversy exceeds $75,000.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

lack of complete diversity on the face of the Complaint.[1] In its Notice of Removal, Defendant asserts that diversity jurisdiction exists pursuant to 28 U.S.C. §1332(a), as the in-state Defendant, Ms. Jeannie Parker, is only a nominal party, or alternatively, was fraudulently joined as a Defendant to this action. (Defendant's Notice of Removal, ¶¶ 6, 7). As stated above, on July 28, 2005, Plaintiff filed his Motion to Remand, requesting that the Court remand this case to state court. (Doc. No. 9).

## **DISCUSSION**

Defendant removed this action pursuant to 28 U.S.C. § 1332 (a)(1), which provides as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[2], exclusive of interest and costs, and is between --
>
> (1) citizens of different States;...

Id. At present, this action lacks the requisite diversity, as both Plaintiff and Defendant Parker are citizens of Missouri. As stated above, however, in its Notice of Removal, Defendant maintains that diversity jurisdiction nevertheless exists in this matter because Defendant Parker, the only non-diverse Defendant, was fraudulently joined. (Defendant's Notice of Removal, ¶¶ 25-28).

This Court has held that, "[i]t is true that when a court is assessing whether diversity jurisdiction exists over a particular case, a court may ignore the citizenship of parties fraudulently joined." Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D. Mo. 1995) (citations omitted). Further, "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact or law supporting the claim against the resident defendant, or when the reviewing court finds that the

---

[1] The citizenship of the parties is as follows: Plaintiff and Defendant Parker are both citizens of the state of Missouri; and Defendant Peoples Benefit is an Iowa corporation, with its principal place of business in Iowa. (Defendants' Notice of Removal, ¶¶ 17-19 and Exh. B).

[2] In the instant case, there is no dispute that the amount in controversy exceeds $75,000.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

plaintiff has no real intention of prosecuting the action against the resident defendant." Wiles v. Capitol Indemnity Corp., 75 F.Supp.2d 1003, 1005 (E.D. Mo. 1999), citing Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187 (E.D. Mo. 1995) (citations omitted). The burden of proof on the issue of fraudulent joinder rests with the removing party. Parnas, 879 F.Supp. at 92-93 (citations omitted); see also Pender v. Bell Asbestos Mines, Ltd., 145 F.Supp.2d 1107, 1111 (E.D. Mo. 2001).

In a recent case, the Eighth Circuit enunciated the standards to apply in considering a claim of fraudulent joinder, as follows:

> Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."....However, if there is a "colorable" cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder.

Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted).

In his Complaint, Plaintiff names Ms. Parker as a Defendant, but alleges no actionable facts specific to her. Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999). Rather, Plaintiff's sole allegation with respect to Defendant Parker is as follows:

> 2. That, on or about the 13th day of November, 2002, an application was submitted to [Peoples Benefit] by its agent, Jeannie Parker. Subsequently, on or about the 14th day of November, 2002, in consideration of the payment by [Plaintiff] to [Peoples Benefit] of the annual premium payment of Eight Hundred Sixty-Six and .36/100 Dollars and Thirty Cents, ($866.30), [Peoples Benefit] by its agents duly authorized thereto made its policy of insurance, # 012786172, upon the life of both [Plaintiff], Robert Starman, and under an additionally insured rider, [Plaintiff's] wife, Shelly M. Starman,....

(Petition, ¶ 2). The remainder of Plaintiff's allegations refer only to conduct by "Respondent," i.e.,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Peoples Benefit, that can in no way be attributed to Ms. Parker. See Griggs, 181 F.3d at 699.[3] Based on the foregoing, Plaintiff attempts to assert claims of breach of contract and vexatious refusal to pay against Defendant Parker. The Court will consider each of these claims in turn.

**I.      Breach Of Contract**

As stated above, in Count I of his Complaint, Plaintiff seeks judgment against Defendant Parker in an amount in excess of $100,000, based on Peoples Benefit's alleged failure to pay the policy proceeds upon notice of the death of Shelly Starman. (Compl., PP. 1-3). Plaintiff never alleges that Ms. Parker was a party to any implied or express contract with Plaintiff, however. See Griggs, 181 F.3d at 700. Further, Plaintiff claims neither that Ms. Parker possessed claims processing responsibility in general, nor decision-making authority with respect to the processing and ultimate denial of Plaintiff's claim in particular. Id. Rather, in his Motion to Remand, Plaintiff essentially concedes he fails to state a claim against Defendant Parker, but requests that the Court remand this case to state court, to allow Plaintiff to, "amend his petition and flesh out his claim against [Defendant] Parker." (Plaintiff's Motion to Remand, P. 4).

Upon consideration, the Court finds there exists no basis for Plaintiff's claim alleging Ms. Parker breached the insurance contract between Plaintiff and Peoples Benefit.[4] See Griggs, 181 F.3d at 700. Further, the Court will deny Plaintiff's request for remand, as the Court's fraudulent joinder analysis is governed by the facts as alleged in Plaintiff's Complaint, not by speculative facts that have

---

[3] Only in his prayers for relief does Plaintiff demand judgment from "Respondent(s)," thereby implicitly including Ms. Parker. (Compl., PP. 2, 3).

[4] In his Motion to Remand, Plaintiff implies he may be able to assert a claim against Ms. Parker, on the theory that she owed an independent duty to Plaintiff. (Plaintiff's Motion to Remand, P. 2). Plaintiff continues to note, however, that his Complaint alleges only that Ms. Parker submitted the application for the life insurance policy to Peoples Benefit, and received notice of the death of Shelly Starman from Plaintiff. (Id.). The Court's research fails to reveal a single case recognizing individual liability for an insurance agent under these circumstances.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

not been alleged. See Augustine v. Target Corp., 259 F.Supp.2d 919, 922 (E.D. Mo. 2003) (court looks to, "the facial allegations of plaintiff's petition to determine whether there exists a reasonable basis in fact and law supporting [his] claims against [the resident defendant]").

## II. Vexatious Refusal To Pay

In Count II of his Complaint, Plaintiff seeks judgment against Defendant Parker in an amount in excess of $10,000, based on Peoples Benefit's alleged vexatious refusal to pay the policy proceeds upon notice of the death of Shelly Starman. (Compl., P. 3). Under Missouri law, however, a vexatious refusal to pay claim may only be brought against an insurance company or other insurer. See Mo. Rev. St. §§ 375.296, 375. 420. See also Schwartz v. State Farm Mut. Auto. Ins. Co., 174 F.3d 875, 878-79 (7th Cir. 1999) (court fails to find a single case from any jurisdiction recognizing individual liability for bad faith denial of an insurance claim, as the employee owes no special duty to the insured on which the bad faith tort could be based). Therefore, the Court finds that Defendant Peoples Benefit successfully has established Defendant Parker was fraudulently joined, as Plaintiff fails to state a cause of action against Defendant Parker. This Court thus has jurisdiction under 28 U.S.C. §1332(a)(1), and Plaintiff's Motion to Remand will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 9) is denied.

Dated this 1st day of September, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com